NOT FOR PUBLICATION                                                           CLOSED

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARTIN BRENNAN and THEORDORA BRENNAN, | Civ. Docket No. 07-4364 (FSH) |
| Plaintiffs, | |
| v. | **OPINION & ORDER** |
| ROCCO PALMIERI, JAMES GASPARINI, JOHN LAFORGIA, ALLEN SMALLHEER, RICHARD MASTRANGELO, JOSEPH CATENARO, DAVID PARIS, LYNN CENTONZE, STEVEN GUTKIN, LOUIS CAMMARATA, TOWNSHIP OF FAIRFIELD AND JOHN DOES 1 THROUGH 10 | June 4, 2008 |
| Defendants. | |

This matter having come before the Court upon Defendants' Motion to Dismiss dated October 22, 2007 (Dkt. 10) and upon Defendant David Paris's Motion to Dismiss dated February 7, 2008 (Dkt. 20). Both motions move to dismiss all counts pursuant to Fed. R. Civ. P. 12(b)(6). This Court has reviewed the motion without oral argument pursuant to Fed. R. Civ. P. 78.

## I.     Factual Background

This action arises out of an alleged conspiracy among various officials in the Township of Fairfield to violate rights of Plaintiffs Martin Brennan and his wife, Theodora Brennan. The complaint alleges that the officials sought to punish Brennan for certain actions taken by him in his official law enforcement capacity as a police officer at a public meeting held on October 16,

2006.[1]

The Defendants in the case are Rocco Palmieri, who was the Mayor of Fairfield; James Gasparini, John LaForgia, Allen Smallheer, Richard Mastrangelo, who were all members of the Township Council of Fairfield; the Local Governing Body of the Township of Fairfield; David Paris, the Township attorney; Joseph Catenaro, the Township Administrator; C. Lynn Centonze, the Township Chief of Police; Steven Gutkin, a Detective Lieutenant in charge of the Internal Affairs Unit; Louis Cammarata, a Detective Sergeant in the Internal Affairs Unit; and the Township of Fairfield.  The complaint also names fictitious defendants John Doe 1-10.   The individual Defendants are all sued in their personal capacity only.

## II.     Standard of Review

To survive a Rule 12(b)(6) Motion to Dismiss, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007).  Although a court does not need to credit a complaint's "bald assertions" or "legal conclusions," it is required to accept as true all of the allegations in the complaint as well as all reasonable inferences that can be drawn therefrom and view them in the light most favorable to the plaintiff.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997), *citing Rocks v. City of Philadelphia*, 868 F.2d 644, 645 (3d Cir. 1989).  *See also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The Supreme Court recently held that "once a claim has been stated adequately, it may be supported by showing any set of

---

[1] Because this is a Motion to Dismiss, the Court treats the allegations in Defendants' Counterclaims and the Third Party Complaint as true and must draw all reasonable inferences in favor of the non-moving party.  *See Hospital Building Co. v. Trustee of the Rex Hospital*, 425 U.S. 738 (1976); *D.P. Enter. v. Bucks County Community College*, 725 F.2d 943, 944 (3d Cir. 1984).

facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969.  In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may consider only the Complaint, exhibits attached to the Complaint, matters of public record, and undisputedly authentic documents if the Plaintiff's claims are based on those documents.  *Pension Guaranty Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1992).

**III.**   <u>Analysis</u>

    A.    <u>Counts 1 and 4: Freedom of Speech</u>

In order to survive a motion to dismiss, a plaintiff who pleads a retaliation claim under the First Amendment must "allege: (1) constitutionally protected conduct, (2) retaliatory action sufficient to deter a person of ordinary firmness from exercising his constitutional rights, and (3) a causal link between the constitutionally protected conduct and the retaliatory action." *Thomas v. Independence Township*, 463 F.3d 285, 296 (3d Cir. 2006).  With respect to all defendants but the municipality, Plaintiffs' complaint is a "personal capacity suit."  To claim personal liability in a § 1983 action, a plaintiff must aver that the official, acting under color of law, caused the deprivation of a federal right.  *Hafer v. Melo*, 502 U.S. 21, 25 (1991).  In particular, a plaintiff must "aver facts demonstrating that each individual defendant personally participated in violating plaintiff's rights, or . . . directed others to violate them or . . . had knowledge of and acquiesced in his subordinate's violations."  *Baker v. Monroe Township*, 50 F.3d 1186, 1190-91 (3d Cir. 1995). "Any allegations of participation or actual knowledge and acquiescence must be made with 'appropriate particularity' and need include the conduct (including time and place) of the persons allegedly responsible."  *Boykins v. Ambridge Area Scho. Dist.*, 621 F.2d 75, 80 (3d Cir. 1980). Moreover, the Third Circuit has held that the Supreme Court's holding in *Twombly* applies to § 1983 actions.  Thus, to survive a motion to dismiss, a complaint must have "not merely a short

and plain statement, but instead . . . a statement 'showing that the pleader is entitled to relief.' That is to say, there must be some showing sufficient to justify moving the case beyond the pleadings to the next stage of litigation." *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008) (*quoting Twombly*, 127 S. Ct. at 1964).

Therefore, although § 1983 actions fall under the notice pleading requirements of Rule 8(a), the complaint as written does not clearly specify which individuals committed the "overt acts" alleged, nor are times or places delineated. Moreover, there are no clear allegations to support a personal capacity suit against any of the individual defendants other than Police Chief Centonze.[2] Without such allegations against individual defendants, Plaintiffs have failed to demonstrate any entitlement to relief against the individual defendants.

The law does not recognize municipal respondeat superior liability under § 1983. *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978). A municipality may be found liable under section 1983 only where the municipality itself causes the constitutional violation at issue; where its policies are the "moving force" behind the constitutional violation. *Id.* at 694-95. In other words, the plaintiffs must show that the municipal action was "taken with the requisite degree of culpability" demonstrating a "direct causal link between the municipal action and the deprivation of federal rights." *Board of County Com'rs of Bryan County v. Brown*, 520 U.S. 397, 404 (1997). The only allegations in the complaint that relate to policies of the Township are those related to the appointment of a special prosecutor and the conferring of disciplinary authority on such special prosecutor. Therefore, Plaintiffs may pursue their section 1983 action

---

[2] Defendants also argue that the speech engaged in by Plaintiff did not constitute protected activity and thus cannot form the basis of a claim for this action. While Plaintiffs may not ultimately be able to demonstrate that his speech constituted protected activity, reading the complaint in the light most favorable to the Plaintiffs, these counts will not be dismissed as a matter of law at this stage in the proceedings on this ground.

against the Township as to these two claims only, unless Plaintiffs include additional claims in an amended complaint sufficient to state a claim that the Township has caused the constitutional violations alleged.

Finally, Defendant Paris raises the absolute litigation privilege as a defense to these claims. Defendant Paris argues that at all relevant times, Defendant Paris was a private attorney representing the Township of Fairfield and that the allegations against him arise from advice and counsel he provided with regard to proposed disciplinary action against Brennan. Plaintiff responds that Defendant Paris committed fraud and/or participated in a conspiracy with the other Defendants and, as such, is not protected by the absolute litigation privilege. Plaintiff does not include specific allegations of fraudulent conduct by Defendant Paris that would support any reasonable conclusion that he was acting other than in his role as an attorney for the Township of Fairfield.

For the reasons given above, Counts One and Four are **DISMISSED WITHOUT PREJUDICE** as to Defendants Palmieri, Gasparini, Mastrangelo, LaForgia, Smallheer, Centanaro, Paris, Gutkin, and Cammarata. As described below, Plaintiff shall have the opportunity to amend the complaint and to provide a chart listing with particularity the acts alleged against each defendant in support of Counts One and Four.[3]

B.      Count Two: Violation of the Fifth Amendment (Due Process)

The complaint does not provide sufficiently specific allegations related to the actions of the individual defendants to sustain a personal capacity suit against them.

Moreover, to the extent that Plaintiff raises allegations of violations of procedural due

---

[3] Though the claims are not dismissed as to Defendant Centonze, Plaintiff shall also provide specific details related to the allegations against Defendant Centonze in the chart submitted in such Amended Complaint.

process rights, Plaintiff has not exhausted various post-deprivation remedies under the departmental Disciplinary Regulations, the Collective Bargaining Agreement, and his statutory appellate rights under N.J.S.A. 40A:14-147 et seq., including the right to *de novo* review in the Superior Court of New Jersey.

To the extent that Plaintiff raises allegations of violations of substantive due process rights, none of the allegations in the complaint states a claim. The Supreme Court has recognized two alternative theories by which a claim for denial of substantive due process is tested. The first theory involves "conscious shocking" behavior. Under the second theory, plaintiff must demonstrate a violation of an identified liberty or property interest protected by the due process clause. Here, Plaintiff has been suspended *with pay*, and has been referred to various disciplinary proceedings pursuant to departmental disciplinary regulations and state statute.

For these reasons, Count Two is **DISMISSED WITH PREJUDICE** as to all Defendants.

C. Counts Three and Five: Equal Protection

To establish a claim for violation of the equal protection clause, a plaintiff must show that an allegedly offensive categorization invidiously discriminates against the disfavored group. *Price v. Cohen*, 715 F.2d 87 (3d Cir. 1983). Or, a plaintiff can assert a "class of one" theory, which requires proof of (1) differential treatment from others similarly situated; (2) intentional differential treatment; and (3) the absence of a rational basis for such differential treatment. *Hill v. Borough of Kutztown*, 455 F.3d 225 (3d Cir. 2006).

The complaint does not assert that Brennan was a member of any suspect class or state-created category which supports an inference of "invidious discrimination." Nor does he assert any facts to support a "class of one" theory. Indeed, the allegations in the complaint appear to

contest the validity of employment actions taken against him, but do not assert that Brennan was treated differently from others who were similarly situated.  Thus, the proper remedy for Plaintiffs' claims are through the grievance process under his Collective Bargaining Agreement, his appellate rights under the departmental disciplinary regulations, and/or his statutory right to a *de novo* review in New Jersey Superior Court under N.J.S.A. 40A:14-150.

Like Counts One and Four, discussed above, the complaint does not provide sufficiently specific allegations related to the actions of the individual defendants to sustain a personal capacity suit against them.

For these reasons, Counts Three and Five are **DISMISSED WITH PREJUDICE**.

D.    Count Six: "Municipal Malfeasance, Misfeasance, and Nonfeasance"

The Court is unaware of any cause of action which bears this title.  Reading the Complaint in the light most favorable to the Plaintiffs, Count Six may assert a claim of municipal liability under *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978).  Such a claim clearly cannot be asserted against an individual.  Moreover, the only allegations in the complaint that relate to policies of the Township are those related to the appointment of a special prosecutor and the conferring of disciplinary authority on such special prosecutor.  At best, these claims are duplicative of other substantive claims against the Township of Fairfield pled elsewhere in the complaint.  Thus, Count Six is **DISMISSED WITH PREJUDICE**.

E.    Counts Seven and Eight: Conspiracy to Deprive Plaintiffs of Their Civil Rights and Neglect to Prevent Civil Rights Violation

Because the Court grants Plaintiffs the opportunity to amend their complaint to state with particularity the actions of Defendants alleged to have resulted in deprivation of civil rights, the Court will not dismiss these Counts at this time.  The Court notes that both of these Counts

requires a showing of a Constitutional violation; if the Plaintiffs are not able to make such a showing in the amended complaint, these counts will be dismissed.

   F. <u>Count Ten: New Jersey Conscientious Employee Protection Act (CEPA)</u>

Defendants allege that the CEPA claim should fail for lack of specificity and for failure to state any allegations of "whistleblowing" that demonstrate a public harm. Reading the complaint in the light most favorable to the Plaintiffs, the Court does not dismiss the claim at this time. Brennan alleges that he disclosed "unethical, unlawful, illegal, fraudulent, and corrupt activity." If facts to support this allegation can be proven, Plaintiffs may have stated a claim under CEPA. Therefore, these claims will proceed to permit discovery of relevant facts, provided that Plaintiffs aver in the Amended Complaint the specific "statute, regulation, rule or public policy that closely relates to the complained-of conduct" *Dzwonar v. McDevitt*, 177 N.J. 451, 469 (2003) and the "causal connection [that] exists between the whistle-blowing activity and the adverse employment action." *Id.*

   G. <u>Count Fourteen: Breach of Labor Contract</u>

Plaintiff alleges that the Township of Fairfield breached the labor contract governing Plaintiff Martin Brennan's employment. The complaint fails to allege that Plaintiff has exhausted his administrative remedies, including binding arbitration through PERC. Because this remedy ends with binding arbitration, this claim is outside the jurisdiction of this Court. Indeed, Plaintiff is currently pursuing a PERC unfair practice charge.[4]

For this reason, Count Fourteen of the Complaint is **DISMISSED WITH PREJUDICE**.

---

[4] Plaintiff does not respond to this argument in his opposition to the Motion to Dismiss. Thus, it appears that Plaintiff does not oppose dismissal of this count.

H. <u>Count Fifteen: Hostile Workplace</u>

Plaintiff alleges in Count Fifteen a claim for hostile workplace.  Under New Jersey law, an action for damages based on a "hostile work environment" is recognized only under the New Jersey Law Against Discrimination ("NJLAD"), N.J.S.A. 10:5-1 et seq.  *Drinkwater v. Union Carbide Corp.*, 904 F.2d 853, 859-60 (3d Cir. 1990).  A prerequisite to such a claim is membership in a protected class based on gender, race, national origin, disability, or the like.  *Lehmann v. Toy 'R' Us, Inc.*, 132 N.J. 587, 603 (1993).  Plaintiffs do not allege membership in a protected class.

In their opposition to the Motion to Dismiss, Plaintiffs argue that Count Fifteen states a claim for hostile work environment under the CEPA.  To the extent that Plaintiffs only raise hostile work environment as part of the CEPA claim, this count is duplicative of Count Ten, which raises the CEPA claim.  Plaintiffs are free to pursue a theory of hostile work environment in conjunction with that Count.  To the extent that this claim is brought under NJLAD, it fails to state a claim.

For these reasons, Count Fifteen of the Complaint is **DISMISSED WITH PREJUDICE**.

I. <u>Counts Nine, Eleven, Twelve, Thirteen, and Sixteen: Other State Law Claims</u>

Plaintiff asserts state law causes of action for civil conspiracy (Count 9), negligent hiring and supervision of Township employees (Count 11), intentional infliction of emotional distress (Count 12), misrepresentation of facts (Count 13), and punitive damages (Count 16).  Defendants argue that because Count 10 brings an action under CEPA, other state law claims are waived.  Plaintiffs respond that they should not have to elect whether to pursue their CEPA claims or their other state law causes of action until the close of discovery.  Although the caselaw on this point

is mixed, the Court will permit Plaintiffs at this juncture to pursue both the CEPA claim and the other state law causes of action. At the close of fact discovery, Plaintiff shall voluntarily dismiss either the CEPA claim or the other state law causes of action that are waived by the assertion of the CEPA claim.

Count 16 raises a claim for punitive damages. The Court will treat this as a demand for punitive damages, but not as a separate Count in the complaint.

J.       Count Seventeen: Plaintiff Dorothea Brennan's Per Quod Claims

Plaintiff Dorothea Brennan brings a claim for "loss of consortium or other marital services recognized in the law" by virtue of her status as Plaintiff Martin Brennan's wife. Neither the Third Circuit nor the New Jersey Supreme Court has recognized a spouse's claim for loss of consortium under § 1983, § 1985, § 1986 or under the New Jersey Civil Rights Act. *Maudsley v. State*, 357 N.J. Super. 560, 588-89 (App. Div. 2003); *Livingston v. North Belle Vernon Bor.*, 12 F.3d 1205, 1215 n.10 (3d Cir. 1993).[5] Therefore, to the extent this Count derives from the claims alleged in Counts One through Eight, these claims are **DISMISSED WITH PREJUDICE**.

IV.     Conclusion

For the reasons given above, certain Counts of the complaint are dismissed without prejudice; others are dismissed with prejudice. Furthermore, only toward the end of its lengthy brief did it appear that Plaintiffs are also alleging fraud by the individual Defendants. From the face of the current complaint, the Court cannot ascertain the specifics of many of Plaintiffs'

---

[5] Other Circuits have held that claims for loss of consortium are not cognizable under the Constitution. *See Niehus v. Liberio*, 973 F.2d 526, 532-34 (7th Cir. 1992); *Berry v. City of Muskogee*, 900 F.2d 1489, 1506-07 (10th Cir. 1990); *Stallworth v. City of Cleveland*, 893 F.2d 830, 838 (6th Cir. 1990).

causes of action.  Therefore, the Court has determined that the submission of a chart setting forth the specifics as to each individual Defendant as to each of the specific acts that form the factual basis of the claims asserted in Plaintiffs' complaint is necessary to clarify the allegations in the complaint and those that are claimed to constitute fraud shall be identified.  This chart shall be submitted as set forth below in conjunction with the filing of an amended complaint.

Therefore, **IT IS** on this 4th day of June, 2008

**ORDERED** that, **no later than June 24, 2008**, Plaintiffs' shall file an Amended Complaint including only those claims from Counts One, Four, Seven, Eight, Nine, Ten, Eleven, Twelve, and Thirteen that Plaintiffs still wish to assert;[6] and

**ORDERED** that, **concurrently with the filing of the Amended Complaint**, Plaintiffs' shall submit a chart that shall include but is not limited to:

(1) a list of each individual Defendant joined in this action;

(2) a summary of each of the claims asserted against individual Defendants in Plaintiffs' Amended Complaint;

(3) a description of the factual actions or statements taken or made by each individual Defendant that establishes that his conduct was:

(a) outside the scope of his employment; and

(b) constituted a crime, fraud, malice, or willful misconduct

(4) the approximate date and/or time of such statements or actions;

---

[6] As described in the text of the opinion, Counts Two, Three, Five, Six, Fourteen, Fifteen, and Seventeen are dismissed with prejudice because amendment of these claims would be futile.  Plaintiffs may pursue punitive damages as a remedy if appropriate; it need not be listed as a separate count.

      (5) the location of such statements or actions; and

**ORDERED** that this chart will be filed in addition to any Amended Complaint filed by Plaintiffs; and

**ORDERED** that this chart will be treated as a pleading; and

**ORDERED** that Defendants will be permitted to file a renewed Motion to Dismiss to be no later than twenty (20) days of the filing of the chart and Amended Complaint, and in any event no later than **July 15, 2008**; and

**ORDERED** that if Plaintiffs do not submit an Amended Complaint and the chart described above by the deadline set forth, no further amendments to the complaint will be permitted.

 

**/s  Hon. Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.